UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEUNGJIN KIM,

    Plaintiff,

v.

WATCH TOWER BIBLE AND
TRACT SOCIETY OF PENNSYLVANIA,

    Defendant.

Civil Action No. 14-1126 (ABJ)

## MEMORANDUM OPINION

Plaintiff Seungjin Kim has filed a *pro se* complaint against the Watch Tower Bible and Tract Society of Pennsylvania. According to the complaint, "Plaintiff is an owner of the spiritual materials of Jehovah's Witnesses" and an "anointed one[]" who has "copyright right and owner[ship] of the spiritual materials of Jehovah's witnesses biblically." Compl. ¶ 1 [Dkt. # 1]. Plaintiff claims to have "created spiritual Apps[1] by Jehovah's Witnesses" that defendant has "deleted . . . [by] force . . . because they have been ignored Bible law for a long time." *Id.* ¶ 3. Citing verses from the Bible, plaintiff contends that "[d]istribution of Religious Apps is extended preaching work as door-to-door" and that defendant's apparent refusal to "classify the distribution of Plaintiff's Religious Apps . . . as commercial peddling" constitutes a violation of both the First amendment and "Bible law." *Id.* ¶¶ 3–6. Plaintiff further claims to be the inventor

---

1    Plaintiff appears to refer to applications for use on devices like the Apple iPhone. He has also brought suit against Apple, Inc. in a related case. *See Kim v. Apple, Inc.*, No. 14-1034 (D.D.C. filed June 18, 2014).

of a "music player with lyrics for Sing to Jehovah" and that defendants "stole Plaintiff's music player." *Id.* ¶ 8. Defendant, he alleges, "persecuted Plaintiff religiously . . . because Plaintiff partook of the emblematic bread and wine," has wrongfully accused plaintiff of copyright infringement, and "stole Plaintiff's computer skills and ideas." *Id.* ¶ 9–10, 15. Plaintiff states that defendant tortured him and "tried to kill [him] to conceal many things," *id.* ¶ 13, and that he has "sent almost 200 letters to Defendant . . . requesting help and inquiring but Defendant never replied to Plaintiff." *Id.* ¶ 14. And, according to the complaint, "[t]hose in heaven told Plaintiff through the spirit repeatedly that . . . the first president of the Watch Tower Society removed current president of the society . . . and appointed Plaintiff as next president of Jehovah's witnesses." *Id.* ¶ 19. Plaintiff appears to seek an order instating him as the president of the Watch Tower Society, *id.* ¶ 20, as well as $1 billion, which he states is the "value of Divine Law and Religious Freedom." *Id.*, Prayer for Relief, at 5.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, L.L.C. v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). A district court

may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983).

Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . .") (internal citations and quotation marks omitted); *see*, *e.g.*, *Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Amexem," requiring the plaintiff's immediate release from a correctional institution).

Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in the present case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule

12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: July 7, 2014